FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAR 31 PM 3: 31

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

ASHLEY COOK,

Plaintiff,

vs.

CASE NO.: 6:17-cv-571-ORL-28-KRS

STRETCH WINDERMERE, LLC, a
Florida Limited Liability Company,
STRETCHZONE, INC. a Florida For
Profit Corporation, and MATT
SEABERG, Individually,

_____ Defendants. _____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY COOK, by and through the undersigned attorney, sues the Defendants,

STRETCH WINDERMERE, LLC, a Florida Limited Liability Company, STRETCHZONE, INC.,

a Florida for Profit Corporation, and MATT SEABERG, Individually, and alleges:

1.       Plaintiff, ASHLEY COOK, was an employee of Defendants and brings this action

for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair

Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2.       Plaintiff, ASHLEY COOK, was an employee who worked at Defendant, STRETCH

WINDERMERE, LLC's, property within the last three years in Orange County, Florida.

3.       Plaintiff, ASHLEY COOK, worked as a stretching instructor for Defendants.

4.       Plaintiff, ASHLEY COOK, worked for Defendants as an hourly paid ($13.50/hour)

employee plus commissions ($10 per Stretch Session).

5.       Plaintiff, ASHLEY COOK, is a non-exempt employee.

1

6.      Defendant, STRETCHZONE, INC., franchises numerous Stretch Zone locations across Florida, Georgia, North Carolina and California.

7.      Defendant, STRETCHZONE, INC., oversees many developmental aspects, training, and general start-up operations for STRETCH WINDERMERE, LLC.

8.      Defendant STRETCHZONE, INC., operated as a joint-employer with STRETCH WINDERMERE, LLC.

9.      Defendant, STRETCH WINDERMERE, LLC, is a Florida Limited Liability Company that operates and conducts business at 4750 The Grove Drive, Suite 156, Windermere, Florida 34786 and is therefore, within the jurisdiction of this Court.

10.     Defendants, STRETCHZONE, INC. and STRETCH WINDERMERE, LLC, offer advanced practitioner-assisted stretching.

11.     Defendant's business seeks to provide improvements to overall health, injury prevention, and recovery of athletes. *See* www.StretchZone.com

12.     At all times relevant to this action, MATT SEABERG was an individual resident of the State of Florida, who operated STRETCH WINDERMERE, LLC, and who regularly exercised the authority to: (a) hire and fire employees of STRETCH WINDERMERE, LLC; (b) determine the work schedules for the employees of STRETCH WINDERMERE, LLC, and (c) control the finances and operations of STRETCH WINDERMERE, LLC.   By virtue of having regularly exercised that authority on behalf of STRETCH WINDERMERE, LLC,  MATT SEABERG is/was an employer as defined by 29 U.S.C. § 201, et seq.

13.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

14.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and

the FLSA.

15.     During Plaintiff's employment, the Defendants earned more than $500,000.00 per year in gross sales.

16.     Defendant, STRETCH WINDERMERE, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

17.     During Plaintiff's employment, Defendants employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as towels, exercise bands, medicine balls, stretch bands, and other items used to run the business.

18.     Additionally, Defendants, specifically engage in interstate commerce by processing credit and debit card payments through out of state banking institutions.

19.     Therefore, at all material times relevant to this action, Defendants are/were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

20.     At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

21.     During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

22.     Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

23.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of

Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

24.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above as though stated fully herein.

25.     Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

26.     During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

27.     Plaintiff was paid her regular rate ($13.50) for all hours worked regardless of how many overtime hours were worked in the workweek.

28.     Plaintiff is entitled to overtime compensation calculated by combining her hourly rate and commissions earned for the pay period.

29.     Plaintiff has attempted to resolve this matter with STRETCH WINDERMERE, LLC management via email but was unable to do so.

30.     Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

31.     In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

32.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

33.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to

4

liquidated damages.

      34.    Plaintiff demands a trial by jury.

      WHEREFORE, Plaintiff, ASHLEY COOK demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

      Dated this _____ day of March, 2017

 

 

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff