# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ASHLEY COOK,**

   **Plaintiff,**

**v.**                 Case No: 6:17-cv-571-Orl-28KRS

**STRETCH WINDERMERE, LLC,
STRETCHZONE, INC. and MATT
SEABERG,**

   **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 28)**
>
> **FILED:**   **August 23, 2017**

## I. BACKGROUND.

  Plaintiff, Ashley Cook, filed a complaint against Defendants Stretch Windermere, LLC, Stretchzone, Inc., and Matt Seaberg (collectively, "Defendants") on March 31, 2017. Doc. No. 1. In her Complaint, Plaintiff alleges that she worked as a stretching instructor for Defendants, who failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

  Defendants Seaberg and Stretchzone, LLC answered the Complaint on May 12, 2017. Doc. No. 15. Counsel entered an appearance on behalf of Stretchzone, Inc. on July 25, 2017. Doc. No.

24. The parties subsequently settled the case and filed the instant motion, requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 28. The matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

### III. ANALYSIS.

*A. Whether Plaintiff Has Compromised Her Claims.*

Under the Settlement Agreement and Release of Claims, Defendants will pay Plaintiff a total of $3,250.00—$950.00 to Plaintiff for alleged unpaid overtime compensation and $2,300.00 to Plaintiff's attorneys. Doc. No. 28-1, at 2-3, ¶ 3.

In her answers to the Court's FLSA Interrogatories, Plaintiff estimated that she was entitled to $648.00 in unpaid overtime wages plus an equal amount of liquidated damages. Doc. No. 17, at 2. She also claimed that she routinely was required to work half-hour customer stretch sessions off the clock, but she was unable to estimate the total off-the-clock time for that work. Because Plaintiff claims she is entitled to at least $1,298.00 and she will receive less than that amount, she has compromised her claim within the meaning of *Lynn's Food*.

*B. Whether the Amount Is Fair and Reasonable.*

Because Plaintiff has compromised her claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues, including the number of overtime hours Plaintiff worked without proper pay, whether liquidated damages are warranted in this case, and whether an internal audit revealed that Plaintiff in fact was overpaid. Doc. No. 28, at 3. These factual disputes explain the parties' compromise, and the parties represent that they believe the settlement is fair, given the disputed issues, risks, time requirements, and unknown case duration. I therefore recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### C. *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised her FLSA claim, the Court must consider whether the payment to her attorneys is reasonable, to ensure that the fees and costs to be paid to her attorneys did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $2,300.00—$1,723.74 as payment of fees and $576.26 as payment of costs. Doc. No. 28, at 3. Counsel for both parties represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount paid to Plaintiff. *Id.* In the absence of objection, I recommend that the Court find that the amount of attorneys' fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of her FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

### D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the release applies only to claims related to the payment of wages during Plaintiff's employment with Defendants.[2] Doc. No. 28-1, at 2 ¶ 2; 6 ¶ 14. While some Judges have found similar releases to be overbroad if they are not limited only to the claims asserted in the FLSA case, other Judges have

---

[2] Arguably the release would include claims brought under the Equal Pay Act or other statutes forbidding discriminatory pay in employment.

found that releases limited to wage claims generally are reasonable. *Compare Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding unreasonable release of wage claims under the Florida Minimum Wage Act and the Florida Constitution when complaint raised only overtime compensation claim under the FLSA) *with Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act). Accordingly, if the Court finds that the release is overly broad, I recommend that the Court deny the motion because the Settlement Agreement provides that the release is not severable. Doc. No. 28-1, at 4 ¶ 8. If the Court finds, however, that the release is appropriately limited to wage claims, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

> *E.     Whether the Ability to Modify the Settlement Agreement Undermines Its Fairness or Reasonableness.*

Finally, I note that paragraph 16 of the settlement agreement states, "This Agreement may not be modified, altered, or changed *except upon express written consent of all Parties* wherein specific reference is made to this Agreement." Doc. No. 28-1, at 7 ¶ 16 (emphasis added). Ordinarily, this might provide grounds to disapprove the settlement agreement, as a court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.

In this case, however, the parties have also included in the settlement agreement a severability clause, which provides, "[s]hould any provisions of the Agreement (other than the

Release of Claims provision) be determined to be invalid by a court of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of the Agreement." *Id.* at 4 ¶ 8. Accordingly, I recommend that the Court sever the amendment provision from the settlement agreement if it otherwise finds that the settlement is fair and reasonable.

### IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following if it finds that the release of claims does not undermine the fairness of the settlement:

1. **GRANT in part** the Joint Motion for Approval of Settlement (Doc. No. 28);

2. **SEVER** the second sentence of paragraph 16 of the Settlement Agreement and Release of Claims[3];

3. **FIND** that the parties' Settlement Agreement and Release of Claims (Doc. No. 28-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the release of claims undermines the fairness of the settlement, I recommend that the Court **DENY** the Joint Motion for Approval of Settlement (Doc. No. 28).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[3] This sentence reads as follows: "This Agreement may not be modified, altered, or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement." Doc. No. 28-1, at 7, ¶ 16.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 29, 2017.

          *Karla R. Spaulding*
          KARLA R. SPAULDING
        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy